United States District Court
Southern District of Texas
**ENTERED**
November 06, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| DUSTIN SANFORD, <br> Plaintiff, | § § § | |
| VS. | § § | CASE NO. 7:14-mc-01431 |
| THE LOPEZ UNIT WARDEN, et al. <br> Defendants. | § § § | |

## REPORT & RECOMMENDATION

Plaintiff Dustin Sanford, while a state prisoner and as a pro se litigant, filed a civil action pursuant to 42 U.S.C. § 1983 on August 20, 2014. At the time of filing, the Plaintiff was incarcerated by the Texas Department of Criminal Justice ("TDCJ") at the Gib Lewis Unit in Woodville, Texas. (Dkt. No. 1 at 1.) The claim pertains to inaction on or about February 7, 2014, by prison officials in regard to Plaintiff's security and medical treatment when Plaintiff was residing at Reynold V. Lopez State Jail in Edinburg, Texas. (Dkt. No. 1 at 2-3.) The case was referred to a magistrate judge for report and recommendation pursuant to 28 U.S.C. §636(b) on August 26, 2014.

On October 27, 2014, the Plaintiff filed an Application to Proceed In Forma Pauperis ("IFP") to determine if the Plaintiff could proceed with foregoing the initial $400 filing fee. (Dkt. No. 7.) There have been no other filings by any party except for a certified mail receipt from October 30, 2014. (Dkt. No. 8.) The receipt indicates that the Plaintiff, while incarcerated at the Gib Lewis Unit, received an Order (Dkt. No. 5) granting the Plaintiff an extension to file a request to proceed IFP that was issued on October 9, 2014. The case was formerly transferred to the undersigned magistrate judge on October 2, 2018. (Dkt. Data Entry, dated Oct. 2, 2018.)

Due to the fact that the Plaintiff has not corresponded with the Court since October 2014, the undersigned recommends that Plaintiff's Application to Proceed IFP be denied and the Plaintiff's § 1983 civil complaint be dismissed without prejudice for failure to prosecute.

## **BACKGROUND**

This miscellaneous action began on August 20, 2014, when the Plaintiff filed with the Clerk's Office in McAllen, Texas, a hand-written civil action claiming deprivation under color of state law of rights secured by the Constitution of the United States pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) The Plaintiff set forth as Defendants the Warden for the Lopez State Jail, a correction officer with a last name of "Solice", and other unnamed correction officers on duty on February 7, 2014, when the Plaintiff was incarcerated at the Lopez State Jail in Edinburg, Texas. (Dkt. No. 1 at 1-3.) On September 3, 2014, a Notice of Deficiency and Order was issued since the Plaintiff had not paid the required $400 dollar filing fee to initiate a civil action or, in the alternative, requested to proceed in forma pauperis as allowed pursuant to 28 U.S.C. § 1915(a)(2). (Dkt. No. 2.) On October 3, 2014, the Plaintiff filed a hand-written motion requesting an additional 30 days to obtain a print-out of his inmate trust account. (Dkt. No. 4.) Based on the return addresses listed in each initial filing, the Plaintiff appeared to be incarcerated at the Gib Lewis Unit. (Dkt. No. 1-4 at 2; Dkt. No. 4 at 2.) On October 9, 2014, an extension was granted until November 3, 2014, in regard to the filing of Application to Proceed IFP. The Order also advised that failure to "comply with this Order may result in dismissal of this action." (Dkt. No. 5.) On October 27, 2014, the Plaintiff complied with the Order and filed Application to Proceed IFP and included the requisite six-month history of his inmate trust account. (Dkt. No. 7 at 3.) Per the Application, the Plaintiff had no assets and did not have any funds in his inmate account. (Dkt. No. 7.) Per the return address listed on the envelope, the Plaintiff was still incarcerated at

2

the Gib Lewis Unit in Woodville, Texas. (Dkt. No. 7 at 4.) There are no further filings from the Plaintiff since that date.

As of October 31, 2018, a review of the Texas Department of Criminal Justice on-line database reveals that the Plaintiff is no longer in state custody. The Texas Board of Pardons and Parole verified on the same date that the Plaintiff had been released from parole. On November 1, 2018, the court was also advised that no last known mailing address was known to the parole office in which Plaintiff was last assigned while on parole.

## ANALYSIS

The request to proceed in forma pauperis is subject to denial and the original civil action is subject to dismissal for Plaintiff's failure to prosecute. Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Such a dismissal may be made upon the court's own motion or on motion by the opposing party. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). While a court should be "appropriately lenient" with a party proceeding pro se, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). Further, "[c]ourts are given the power to invoke this sanction to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district court." *Edwards v. Harris County Sheriff's Dept.*, 864 F.Supp. 633, 636 (S.D. Tex. 1994) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)); *see also Arthur v. Parkland Health*, No. 3:17-CV-1659-C-BH, 2017 WL 4480774, at *2 (N.D. Tex. Sept. 20, 2017) (ordering dismissal of prisoner's lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders if prisoner failed to pay remainder of filing fee by designated deadline).

When reviewing this issue, the following factors must be considered: docket management, public interest in efficient and judicious resolution of litigated matters, defendant's risk of prejudice from such delay and "the policy favoring disposition of cases on their merits." *Edwards*, 846 F.Supp. at 636 (citing *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 651 (9th Cir. 1991); *Citizens Util. Co. v. American Tel. & Tel. Co.*, 595 F.2d 1171, 1174 (9th Cir. 1979)). The court should consider the plaintiff's role in the delay, any prejudice to the defendant because of the delay and if the plaintiff intentionally caused the delay. *Id.* at 636-637 (citing *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985)).

"Only an 'unreasonable delay' will support a dismissal for lack of prosecution." *Id.* at 637 (citations omitted). An unreasonable delay is a "significant period of inactivity by the plaintiff," failure to heed repeated warnings from the court that a case may be dismissed for failure to prosecute, or failure to comply with court issued rules and orders. *Id.* There has been no exact period set to determine an unreasonable delay. The Fifth Circuit "has held a delay to be 'unreasonable' when the plaintiff did not file any pleadings within a twenty-two month period." *Id.* at 637 (citing *Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980)). One district court has held that a delay of 14 months is "unreasonable" in connection with pro se litigant's failure to contact opposing counsel and failure to provide an updated address as required by the local rules; such inaction, the court held, resulted in the defendant being prejudiced, thus justifying dismissal of part of the plaintiff's claim for want of prosecution. *Id.* at 637-638 (Other parts of the plaintiff's claim were dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6)).

In the matter before the court, there has been no filings or communications with the Clerk of the Court by the Plaintiff for over four years. At no time has the Plaintiff updated his address

4

or inquired to see whether or not the IFP application had been granted. The local rules note that a "pro se litigant is responsible for keeping the clerk advised in writing of the current address." LR83.4. This inactivity by the Plaintiff has led to an unreasonable delay of four years; therefore, the request to proceed IFP should be denied and the civil rights motion should be dismissed without prejudice for failure to prosecute.

## CONCLUSION

### *Recommended Disposition*

After a careful review of the record and relevant law, the undersigned recommends that Application to Proceed In Forma Pauperis (Dkt. No. 7) be **DENIED** for failure to prosecute. Finally, it is recommended that Plaintiff's civil complaint (Dkt. No. 1) be **DISMISSED** without prejudice for failure to prosecute as to all parties.

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). The district judge to whom this case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual

findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The Clerk shall send a copy of this Order to Plaintiff's last known address on file with the Clerk's Office by any receipted means.

**DONE** at McAllen, Texas, this 6th day of November, 2018.

Juan F. Alanis
United States Magistrate Judge